IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. RIVERA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:20-1070 |
| ) | |
| v. ) | Judge Robert J. Colville |
| ) | Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ) | |
| WESTMORELAND COUNTY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

In October 2011, Petitioner shot and killed John Evans. He also shot Willie Young, who was seriously injured but survived. In 2013, following a jury trial in state court, Petitioner was convicted of, among other things, first-degree murder in the killing of Evans and attempted criminal homicide in the shooting of Young. In this federal habeas action, Petitioner is challenging the validity of his convictions under 28 U.S.C. § 2254. The undersigned has issued a Report and Recommendation recommending that the Court deny each claim raised in the Petition, as amended, and deny a certificate of appealability as to each claim.

Petitioner recently filed a "Motion to Move Honorable Court to Invoke the All Writs Act Per 28 U.S.C. § 1651(a) and Order State Transport [of] Petitioner to State Medical Center for Examination and Extraction of Vagus Nerve Stimulator (VNS) Inserted by State Prison Without Consent and Order that Certified Copy of State Prison Medical Records be Provided to Petitioner," and supplement thereto. (ECF 60, 61.) He asserts his belief that in 2021, when the Pennsylvania Department of Corrections ("DOC") was housing him at SCI Forest, an employee of the medical department removed devices that had been surreptitiously implanted in his ears and then reinserted similar objects in each of his ears. According to Petitioner, the implants deliver mild electrical

1

shocks to his brain and affect his cognitive abilities, vision, ability to read legal books and study cases, and cause him other harmful physical and psychological issues. Petitioner states that "the shocks became soo [sic] torturous that [he] went on hunger strikes [on] two occasions to have them removed." (ECF 60 at 2.) He claims that DOC employees at SCI Forest told him that the "devices were inserted and activated on [him] because of [his] litigation in court and [his] assistance with other inmate's [sic] litigation against the Prison." (*Id.*)

Petitioner claims that this retaliatory conduct has continued at SCI Mahanoy, where the DOC currently houses him. He asserts that at this institution he is continuously assaulted and harassed "with electrical shocks to the brain via" the ear implants. (*Id.* at 4.)

In the instant Motion, Petitioner seeks an order from the Court directing that he be transferred to a hospital and that the alleged implants be removed from his ears. This request is denied because it is not the type of relief that is available to him in a habeas action. Rather, Plaintiff must seek that type of relief in a civil action filed under 42 U.S.C. § 1983, which is the federal statute under which Petitioner can bring challenges to the conditions of confinement at a prison, including the alleged medical care and treatment he receives while in the custody of the DOC.[1] *See, e.g.*, *Williams, et al. v. Sec'y Pennsylvania Dep't of Corr.*, 459 F. App'x 87, 88-89 (3d Cir. 2012) (citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)); *Lopez v. Wetzel*, No. 12-cv-96, 2012 WL 345215, *1-5 (W.D. Pa. Feb. 1, 2012).

Petitioner's reliance on the All Writs Act, 28 U.S.C. § 1651(a) is misplaced. It is an act that "is a residual source of authority to issue writs that are not otherwise covered by statute." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation and citation omitted). If a

---

[1] Nothing herein should be read by Petitioner as a comment on the merits of any claim that he would raise in a § 1983 civil action.

2

"statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* Given that Congress has provided 42 U.S.C. § 1983 as the specific vehicle of relief for Petitioner to challenge the medical treatment and care that he receives in DOC custody, he may not do so under 28 U.S.C. § 1651(a). Nor may he do so under 28 U.S.C. § 2254, which is the federal habeas statute that controls this case. *See, e.g.*, *Massey v. Estock*, No. 1:20-CV-271, 2021 WL 195264, at *1 (W.D. Pa. Jan. 20, 2021) ("it has long been the rule in the Third Circuit that a state prisoner cannot challenge the conditions of confinement in a habeas action.")

Petitioner also seeks a certified copy of his medical records from all DOC institutions that have housed him since 2006 because the records may contain information relevant to Claim 12 of the Petition. In that claim, Petitioner contends that his trial counsel was ineffective for failing to hire a reliable expert psychiatrist. Petitioner speculates that the alleged implants were in his ears when he shot Evans and Young and therefore may have affected his capacity to formulate the specific intent to kill Evans. This request is denied as well.

The Court previously denied the motion for discovery that Petitioner filed in this habeas case (ECF 50, 51) and there are no grounds for the Court to reconsider that decision. Petitioner's request for his medical records is the textbook example of the type of "fishing expeditions" that are not permitted in a federal habeas case. *Williams v. Beard*, 637 F.3d 195, 210-11 (3d Cir. 2011); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991) ("[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery"). The law is clear that the speculative discovery requests that Petitioner is making here must be rejected. *See, e.g.*, *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006) ("good cause for discovery cannot arise from mere speculation" and "discovery cannot be ordered on the basis of pure hypothesis.").

Based on the foregoing, Petitioner's Motion (ECF 60, 61) is DENIED.

Dated:  May 26, 2023                     /s/ Patricia L. Dodge
                                         PATRICIA L. DODGE
                                         United States Magistrate Judge